**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| A.M., | : | |
| Plaintiff, | : | |
| v. | : | Case No. 5:26-cv-87-AGH |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

**ORDER**

The Social Security Commissioner, by adoption of an Administrative Law Judge's (ALJ) determination, denied Plaintiff's application for child disability insurance benefits (CIB) from February 1, 2005 through February 11, 2006, finding he is not disabled within the meaning of the Social Security Act and accompanying regulations. Tr. 1-10, 16-29.[1] Plaintiff contends the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g). All administrative remedies have been exhausted. Both parties consented for all proceedings to be conducted by the undersigned United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3). For the reasons explained below, the Commissioner's decision is affirmed.

[1] The Court is citing to the transcript produced by the Commissioner at ECF Nos. 10-3, 10-4, 10-5, 10-6, 10-7, 10-8, 10-9, 10-10.

## LEGAL STANDARDS

The Court's review of the Commissioner's decision is limited to a determination of: (1) whether there is substantial evidence to support the findings of the ALJ and (2) whether the correct legal standards were applied. *See Pupo v. Comm'r of Soc. Sec.*, 17 F.4th 1054, 1060 (11th Cir. 2021) ("We review de novo the legal principles applied by the Commissioner in social security appeals. However, we review the resulting decision only to determine if it is supported by substantial evidence."). "Substantial evidence is defined as more than a scintilla, i.e., evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Cavarra v. Astrue*, 393 F. App'x 612, 613 (11th Cir. 2010). In reviewing for substantial evidence, a court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the ALJ." *Viverette v. Comm'r of Soc. Sec.*, 13 F.4th 1309, 1314 (11th Cir. 2021) (cleaned up).

## BACKGROUND

### I. Procedural History

On August 9, 2022, Plaintiff applied for Title II child benefits (CIB), alleging disability due to muscle spasms, schizophrenia, diabetes, and gastroesophageal reflux disease (GERD) with an initial onset date of February 1, 2005, about a year before Plaintiff turned twenty-two (22) on February 12, 2006. Tr. 63-67. Plaintiff's CIB request was denied initially on January 18, 2023, and upon reconsideration on March 17, 2023. Tr. 63-72. Hearings before an ALJ were held on March 1, 2024,

September 24, 2024, and June 25, 2025. Tr. 30-62. On August 15, 2025, the ALJ found that Plaintiff was not disabled because there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment from February 1, 2005 through February 11, 2006. Tr. 19-23. On September 18, 2025, Plaintiff requested review of the ALJ's decision, but it was denied by the Appeals Council on February 2, 2026. Tr. 1-5, 207. Plaintiff sought a second review on February 4, 2026, and it was denied on February 24, 2026. Tr. 6-10. The ALJ's decision thus became final. Plaintiff filed his *pro se* complaint and supplement in this Court on March 9, 2026. ECF Nos. 1, 2.

**II. The ALJ's Decision**

A person is "entitled to child's benefits on the earnings record of an insured person . . . who has died if" (1) he is that deceased's child, (2) he is the deceased's dependent, (3) he has applied for benefits, (4) he is unmarried; and (5) he is "18 years old or older and [has] a disability that began before [he] became 22 years old[.]" 20 C.F.R. § 404.350(a). Whether a person was disabled before 22 is determined in the same manner disability is determined in non-CIB cases. Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). An ALJ, applies a five-step sequential analysis to find whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4). First, a claimant must prove he is not engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i).

Second, the claimant must prove he or she has a "severe medically determinable" impairment. 20 C.F.R. § 404.1520(a)(4)(ii). Third, the Commissioner must find the claimant to be disabled if he proves his impairment meets or is medically equivalent to an impairment in the Listing of Impairments. 20 C.F.R. § 404.1520(a)(4)(iii). Fourth, the claimant must prove he cannot meet the physical and mental demands of his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant succeeds at these steps, the burden shifts to the Commissioner to prove the claimant can perform other work. 20 C.F.R. § 404.1520 (a)(4)(v). If the Commissioner does so, the claimant has a chance to prove he cannot perform that work. *Id.*

Here, the ALJ found the relevant disability period was February 1, 2005 (the alleged onset date) through February 11, 2006 (the day before Plaintiff's 22nd birthday). Tr. 21-22. In his review, the ALJ mentioned the three relevant hearings, noted Plaintiff had chosen to proceed *pro se*, and focused on Plaintiff's lack of medical evidence. Tr. 19-22. The ALJ also noted Plaintiff gave testimony on arm, leg, and back stiffness, musculoskeletal problems, schizophrenia, back pain, and being unable to stand for more than 15 minutes or walk more than 30 minutes. Tr. 22. But the ALJ found this was not enough to support a disability finding as the record contained no medical signs or laboratory findings to show the existence of a medically determinable impairment during the relevant period. Tr. 21-22. Thus, the ALJ held, at step two, that Plaintiff was not disabled during the relevant time period. Tr. 22.

## DISCUSSION

### I. Arguments of the Parties

Plaintiff asserts that he (1) was disabled with mental health issues before he turned 22, (2) never received social security benefits or child support from his father, and (3) has proof he received social security benefits on April 1, 1989. Compl. 3, ECF No. 1; Supp. to Compl. 3-4, ECF No. 2; Pl.'s Br., ECF No. 12; Pl.'s Resp., ECF No. 14. But Plaintiff provides no further arguments, cites no caselaw, declares no errors of the ALJ, and points to no portion of the record supporting a conclusion Plaintiff was disabled from February 1, 2005 through February 11, 2006.

The Commissioner argues the ALJ properly determined the record reveals no medically determinable impairment from February 1, 2005 through February 11, 2006. Comm'r's Br. 4, ECF No. 13. The Commissioner points out the only medical exhibit from before February 12, 2006 did not document *any* impairments. *Id.* (citing Tr. 367-82). The Commissioner also argues that, while Plaintiff was *pro se*, there was no special duty for the ALJ to develop a full and fair record because Plaintiff validly waived his right to counsel. Comm'r's Br. 4-5. Further, the Commissioner notes, even if there was a special duty, Plaintiff failed to demonstrate any prejudice that resulted from any failure of the ALJ to develop the record or that there were any missing records. *Id.* at 5-6. The Commissioner also argues the Court need not consider arguments Plaintiff has not raised.[2] *Id.* The Commissioner contends the ALJ's decision is supported by substantial evidence and should be affirmed. *Id.*

---

[2] Because Plaintiff makes no argument that the ALJ failed to properly develop the record based on his lack of representation, the Court considers no such argument here.

## II. Analysis

Here, the ALJ found there was no medical evidence regarding February 1, 2005 through February 11, 2006. Tr. 21-22. The ALJ's finding is correct: there is simply no medical evidence in the record regarding the relevant time period. The only medical evidence from before Plaintiff turned 22 runs from January 17, 2002 through October 30, 2004, and none of it reveals *any* of Plaintiff's alleged impairments of muscle spasms, schizophrenia, diabetes, or GERD.[3] Tr. 63, 367-383 (revealing allergies, pharyngitis, abdominal pain, lumbago, chest pain, acute URI). As the ALJ rightly stated, Plaintiff's testimony alone regarding symptoms of his alleged impairments is insufficient to show he suffered from a medically determinable impairment before 22. Tr. 22, 47-53; *see McCoy v. Astrue*, No. 7:11-CV-124 (HL), 2013 WL 705796, *2 (M.D. Ga. Feb. 4, 2013) (upholding ALJ's finding that testimony alone cannot establish disability prior to age 22), *recommendation adopted* 2013 WL 705604 (M.D. Ga. Feb. 26, 2013); *see also* SSR 96-4p ("[U]nder no circumstances may the existence of an impairment be established on the basis of symptoms alone[ since] the existence of a medically determinable . . . impairment cannot be established in the

[3] One doctor did provide testimony regarding Plaintiff's alleged impairments, but he was not giving a retrospective opinion regarding February 1, 2005 through February 11, 2006. Tr. 42-46 (focusing on time periods in the years surrounding August 9, 2022); *see Mason v. Comm'r of Soc. Sec.*, 430 F. App'x 830, 832 (11th Cir. 2011) (A doctor's "post-insured-date opinion that the claimant suffered a disabling condition prior to the insured date" is not persuasive unless "that opinion was consistent with pre-insured-date medical evidence[.]"); *see also Lingenfelser v. Comm'r of Soc. Sec.*, No. 6:16-CV-921-ORL-DCI, 2017 WL 4286546, at *7 (M.D. Fla. Sept. 27, 2017) ("Outside the context of an explicitly *retrospective* diagnoses, courts in this Circuit have noted repeatedly that medical records post-dating the date of last insured are of little relevance to the ALJ's task of determining disability."). But even if his opinion was retrospective, medical opinions alone cannot be used to establish impairments. *See* 20 C.F.R. § 404.1521 ("Your impairment(s) must result from . . . abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques. . . . We will not use your statement of symptoms, a diagnosis, or a medical opinion to establish the existence of an impairment(s).").

absence of objective medical abnormalities, i.e., medical signs and laboratory findings."). Accordingly, because Plaintiff provides no medical evidence, "such as 'medical signs or laboratory findings to substantiate the existence of a medically determinable physical or mental impairment' prior to attaining the age of 22[,]" the ALJ correctly determined Plaintiff could not establish he was disabled prior to age 22. *Sabillon-Perdomo v. Colvin*, No. 8:14-cv-2826-T-AEP, 2016 WL 7428798, *6 (M.D. Fla. Mar. 31, 2016) (quoting SSR 96-4p). The ALJ's finding that Plaintiff was not disabled at step 2 is supported by substantial evidence. *See* SSR 96-4p ("In claims in which there are no medical signs or laboratory findings to substantiate the existence of a medically determinable physical or mental impairment, the individual must be found not disabled at step 2 of the sequential evaluation process.").

## CONCLUSION

Accordingly, after due consideration and for the foregoing reasons, it is **ORDERED** that the decision of the Commissioner is **AFFIRMED**.

**SO ORDERED**, this 22nd day of September, 2026.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE